JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-09737-JHN -Ex | Date | February 11, 2011 |
|---|---|---|---|
| Title | Dissie Rita Jennings-Frye v. NYK Logistics Americas Inc et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [8]
(In Chambers)

The matter is before the Court on Plaintiff Dissie Rita Jennings-Frye's ("Plaintiff") Motion to Remand. (Docket No. 8.) The motion is made on the ground that the Court lacks diversity jurisdiction. *See* 28 U.S.C. § 1332. The Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. **Accordingly, the hearing set for February 14, 2011 is removed from the Court's calendar.** For the reasons set forth below, the Court **GRANTS** the Motion and **REMANDS** the action to the Los Angeles County Superior Court.

## I.   BACKGROUND

Plaintiff, an African-American female, alleges that Defendant NYK Logistics Americas Inc. ("NYK"), her former employer, and Defendants Desmond Allen ("Allen") and Jerene Baglin ("Baglin"), her former supervisors (collectively, "Defendants"), harassed her, discriminated against her on the basis of her race, and wrongfully terminated her in retaliation for her complaints regarding racial discrimination and Baglin's improper conduct. (Compl. ¶¶ 12, 41.)

Plaintiff asserts the following state law causes of action: (1) race discrimination in violation of the Fair Employment and Housing Act, California Government Code section 12940 *et seq.* ("FEHA"); (2) harassment in violation of FEHA; (3) failure to prevent discrimination in violation of FEHA; (4) retaliation in violation of FEHA; (5) violation of California Labor Code section 1102.5; (6) retaliation in violation of public policy; (7) wrongful termination in violation of FEHA; and (8) wrongful termination in violation of public policy. (*Id.* ¶¶ 47, 53-54, 66, 75, 86, 95, 101, 107-08.)

Plaintiff and Baglin are both California citizens. (*See* Notice of Removal ¶¶ 3, 5.)

The Complaint alleges the following with respect to Baglin. Defendant Allen harassed Plaintiff because of her race on several occasions. (*Id.* ¶¶ 9, 13-19.) Each time Plaintiff was harassed by Allen, she immediately complained to Baglin. (*Id.* ¶ 20.) Baglin ignored Plaintiff's complaints by justifying Allen's behavior as a "personality conflict" and telling Plaintiff that Allen's behavior was not a big deal. (*Id.*) Additionally, Baglin prevented Plaintiff from reporting her complaints to other supervisors to prevent further investigation. (*Id.* ¶ 22.)

In or around September 2006, Plaintiff began to notice that Baglin's expense report included personal purchases.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-09737-JHN -Ex | Date | February 11, 2011 |
|---|---|---|---|
| Title | Dissie Rita Jennings-Frye v. NYK Logistics Americas Inc et al. | | |

(*Id.* ¶ 26.) Plaintiff questioned Baglin directly about her expense report. (*Id.* ¶ 27.) Thereafter, Baglin threatened Plaintiff's employment by warning Plaintiff to be careful about what she knows and says because Baglin was the one who hired Plaintiff. (*Id.* ¶ 28.)

In or around July 2007, Plaintiff overheard a former NYK employee, Maloney, and Baglin say "How did she find out?," "How much does she know?," "Will she tell Mr. Perdue?" (*Id.* ¶ 30.) In or around October 2008, Plaintiff reported Baglin's misconduct to NYK's deputy compliance officer, Michael Holt. (*Id.* ¶ 31.) Baglin and Allen began a retaliatory campaign against Plaintiff in an effort to terminate her after learning of those reports. (*Id.* ¶¶ 31-32.) In one instance, Allen told Baglin, "We need to get her out of here. We can find someone more suitable and not so ghetto." (*Id.* ¶ 33.)

On or about November 4, 2008, Allen and Baglin falsely accused Plaintiff of "misconduct" by leaking confidential information regarding two employees who were being transferred. (*Id.* ¶¶ 35-36.) Allen and Baglin then informed Plaintiff that she would be placed on administrative leave until the "truth" was revealed. (*Id.* ¶ 37.) While security was retrieving Plaintiff's badge, keys, and access card, Baglin stood in front of Plaintiff and laughed, informing Plaintiff that "I do not have to worry about you anymore; you're no longer my problem." (*Id.*) Plaintiff was terminated due to the alleged "misconduct" on or about November 11, 2008. (*Id.* ¶¶ 39-40.)

On October 21, 2010, Plaintiff filed this action in state court. Thereafter, before Plaintiff properly served Baglin with the summons and complaint, NYK filed a Notice of Removal claiming diversity jurisdiction. (Docket No. 1; Notice of Removal ¶ 2.) NYK claims that Baglin should be disregarded for determining complete diversity because: (1) Baglin was not served at the time of removal; and (2) Baglin was fraudulently joined as a defendant. (*Id.* ¶¶ 6-7.) Subsequently, Plaintiff filed the instant motion on the grounds that: (1) improper service does not justify removal; and (2) NYK failed to show that Baglin was fraudulently joined because Plaintiff sufficiently alleged harassment against Baglin. (Mot. 9:12-13:26.)

### II.   LEGAL STANDARD

**A.  Removal**

A defendant may remove any civil action from state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, the Court has jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.").

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id.* Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

**B.  Fraudulent Joinder**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-09737-JHN -Ex | Date | February 11, 2011 |
|---|---|---|---|
| Title | Dissie Rita Jennings-Frye v. NYK Logistics Americas Inc et al. | | |

A non-diverse defendant is fraudulently joined and therefore, ignored for determining completely diversity "[i]f the plaintiff fails to state a cause of action against [that] defendant, and the failure is obvious according to the well-settled rules of the state . . . ." *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

Conversely, the non-diverse defendant is not fraudulently joined if there is any possibility that the plaintiff will succeed in its claim against that defendant. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995); *Archuleta v. Am. Airlines, Inc.*, 2000 U.S. Dist. LEXIS 21076, at *17 (C.D. Cal. May 8, 2000) ("The court's job is not to determine whether the plaintiff will actually or even probably prevail on [the] merits of his claim, but rather to evaluate whether there is any possibility plaintiff may do so."); *Davis v. Prentiss Prop. Ltd.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) ("The mere fact that a claim is ultimately unsuccessful does not necessarily mean that its joinder was fraudulent.").

The party who is asserting diversity jurisdiction bears the burden of proving fraudulent joinder with clear and convincing evidence. *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Courts generally disfavor the doctrine of fraudulent joinder. *Id.* Any ambiguities of law or fact must be resolved in favor of remand. *Bear Valley Family, L.P. v. Bank Midwest, N.A.*, 2010 U.S. Dist. LEXIS 93460, at *7 (C.D. Cal. Aug. 23, 2010); *see Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Archuleta*, 2000 U.S. Dist. LEXIS 21076, at *16-17 ("All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." (citations omitted)).

### III.   DISCUSSION

Baglin and Plaintiff are not diverse because they are both California citizens. (*See* Notice of Removal ¶¶ 3, 5.) Lack of service on Baglin does not justify removal. Furthermore, NYK has not met its substantial burden of proving, by clear and convincing evidence, that Baglin was fraudulent joined. Baglin's citizenship destroys complete diversity. Therefore, the Court lacks subject matter jurisdiction over this action.

**A.  Removal**

NYK claims that because Baglin was not served at the time of removal, her citizenship should not be considered in determining complete diversity.[1] (Notice of Removal ¶¶ 6-7, Opp'n 4:26-27.) To support that claim, NYK cites 28 U.S.C § 1441(b) and argues that "[a] defendant to an action filed in a state court may have the action removed to the district courts of the United States provided that none of the parties in interest 'properly joined and served' as defendants is a citizen of the state in which such action is brought." (Opp'n 3:25, 4:1-3.)

NYK's argument demonstrates a fundamental misunderstanding of section 1441(b)'s "no local defendant" rule. The case law is clear that a defendant who is a citizen of plaintiff's state destroys complete diversity, regardless of whether that defendant was properly served prior to removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 538 (1939);

---

[1]  Allen's service or lack thereof is immaterial for purposes of this analysis because he is a New Jersey citizen. (*See* Compl. ¶ 1; Notice of Removal, Jensen Decl. ¶ 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-09737-JHN -Ex | Date | February 11, 2011 |
|---|---|---|---|
| Title | Dissie Rita Jennings-Frye v. NYK Logistics Americas Inc et al. | | |

*Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 78 (9th Cir. 1979) ("This court has specifically rejected the contention that § 1441(b) implies that service is the key factor in determining diversity."); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1159 (8th Cir. 1981) ("Under *Pullman*, [the non-diverse defendant] had the burden of establishing diversity of citizenship between plaintiff and *all named defendants*, including the Jane Doe defendant, notwithstanding plaintiff's failure to . . . serve her with process."); *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628 (N.D. Cal. 1991).

The "no local defendant" rule provides that diversity cases "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This provision prohibits a local defendant, who has been properly joined and served, from removing the action to federal court even if complete diversity exists. The rule reflects the belief that diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state. *Spencer v. United States Dist. Court*, 393 F.3d 867, 870 (9th Cir. Cal. 2004) (citing Erwin Chemerinsky, *Federal Jurisdiction* § 5.5, at 345 (4th ed. 2003)). Thus, section 1441(b) serves as a major limitation on removal jurisdiction in diversity cases.

NYK misinterprets *Cucci v. Edwards*, 510 F. Supp. 2d 479 (C.D. Cal. 2007), *Waldon v. Novartis Pharmaceuticals Corp.*, 2007 U.S. Dist. LEXIS 45809 (N.D. Cal. 2007), and *Republic Western Insurance Co. v. Int'l Insurance Co.*, 765 F. Supp. 628 (N.D. Cal. 1991) to stand for the proposition that section 1441(b) expands diversity jurisdiction. (*See* Opp'n 5:19-6:13.) Those cases are not about lack of complete diversity, but the right to remove when "local defendants" are not served at the time of removal. *See Cucci*, 510 F. Supp. 2d at 481-82, *Waldon*, 2007 U.S. Dist. LEXIS 45809, at *4-6; *Republic W. Ins. Co.*, 765 F. Supp. at 629.

Section 1332's complete diversity requirement and the "local defendant" rule under section 1441(b) are two entirely separate considerations for purposes of analyzing whether removal is proper. Here, Baglin's citizenship destroys complete diversity. Therefore, section 1332's requirement is not met and the court has no subject matter jurisdiction..

**B. Fraudulent Joinder**

In determining whether Baglin was fraudulently joined, the Court must address the issue of whether there is any possibility that Plaintiff will succeed in her FEHA claims against Baglin. The Complaint lists harassment as the sole cause of action against Baglin. FEHA prohibits harassment and holds an employee personally liable for harassing another employee because of race.[2] "[H]arassment consists of a type of conduct not necessary for

---

[2] FEHA states, in relevant part, that it is unlawful

[f]or an employer, . . . because of race, . . . to harass an employee . . . . An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-09737-JHN -Ex | Date | February 11, 2011 |
|---|---|---|---|
| Title | Dissie Rita Jennings-Frye v. NYK Logistics Americas Inc et al. | | |

performance of a supervisory job." *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 63 (Cal. App. 2d Dist. 1996). Rather, it "consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Id.* Harassment is not the sort of conduct "necessary for management of the employer's business or performance of the supervisory employee's job." *Id.* A supervisor can be personally liable if the offending actions go beyond the necessities of executing employer polices. *Asurmendi v. Tyco Elecs. Corp.*, 2009 U.S. Dist. LEXIS 22978, at *10 (N.D. Cal. Mar. 11, 2009).

A possibility exists that Baglin's alleged treatment of Plaintiff constitutes racially based harassment. Baglin's alleged threats, personal efforts to fire, false accusations, and ridicule of Plaintiff are not necessary or in the scope of Baglin's personnel management duties. (*See e.g.*, Compl. ¶¶ 20, 22, 25, 32-33.) Accordingly, those acts may constitute race-based harassment.

### IV.    CONCLUSION

For these reasons, the motion is **GRANTED** and the case is **REMANDED TO THE LOS ANGELES COUNTY SUPERIOR COURT**.

**IT IS SO ORDERED**.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

---

Cal. Gov. Code §§ 12940(j)(1) and (j)(3).